FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   FEB 2 4 2020   ★

BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------

M&M DENTAL STUDIO INC.,

        Plaintiff,

        v.

ARK DENTAL LABORATORY INC., DMITRY
GORBUNOV, ALEXANDER SABEZHNIKOV,
and YEGENIY VOZNESENSKY,

        Defendants.

------------------------------------------------------------------x

**DECISION AND ORDER**
19-CV-4981

**WILLIAM F. KUNTZ, II United States District Judge:**

For the reasons set forth below, the Court dismisses this action without prejudice for

failure to prosecute.

## Background

On August 30, 2019, M&M Dental Studio Inc. ("Plaintiff") filed a Complaint against Ark

Dental Laboratory, Dmitry Gorbunov, Yegeniy Voznesensky, and Alexander Sabezhnikov

(collectively, "Defendants") relating to false advertising and false designations of origin under

the Lanham Act. Compl., ECF No. 1. Plaintiff alleges the following causes of action:

(1) Lanham Act; (2) Misappropriation; (3) Wrongful Interference; (4) Dilution under New York

General Business Law § 360-1; and (5) Deceptive Business Practices under New York General

Business Law § 349. *Id.*

Plaintiff served all Defendants on September 11, 2019 and served Defendant Gorbunov

again on September 12, 2019. ECF Nos. 7–11. On December 19, 2019, Plaintiff filed a request

for a certificate of default, ECF No. 14, which was entered by the Clerk of Court on December

23, 2019, ECF No. 16. The Court scheduled a status conference in this case for Thursday,

February 20, 2020. Plaintiff failed to appear.

1

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedures provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Because dismissal for failure to prosecute is a "harsh remedy" for "extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), the Court considers five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Court considers the record of the entire case as a whole, with no one factor being dispositive. *See id.*

By failing to appear before the Court at the scheduled status conference and by failing to file a motion for default judgment following the Clerk's entry of default, Plaintiff has failed to pursue its claim. Considering the five factors in light of the record of this case, the Court finds dismissal for failure to prosecute an appropriate remedy.

Accordingly, the above-captioned action is hereby DISMISSED without prejudice for failure to prosecute pursuant to Rule 41(b).  The Clerk of Court is respectfully directed to close this case.

SO ORDERED,

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2020
       Brooklyn, New York